**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PATRICK S. LASLEY,                                              Case No. 1:10-cv-394

                Plaintiff,                              Dlott, J.
                                                               Bowman, M.J.

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**REPORT AND RECOMMENDATION**

### I.  Background

Plaintiff first filed both DIB and SSI applications in February 2005, alleging a disability onset date of November 5, 2004.  After his applications were denied at the administrative level, Plaintiff sought relief from this Court, which remanded to the Commissioner for further review.

On or about August 17, 2012, the Commissioner rendered a fully favorable DIB decision based upon a disability onset date of September 7, 2007.  Based in part on the lengthy period of time that has elapsed since 2007 until the 2012 decision, the total amount of past due benefits was significant.   Plaintiff's attorney now seeks an order awarding him the sum of $26,049.73, or 25% of the total past due benefits award, under an Attorney Fee Agreement and 42 U.S.C. §405(b).   Pursuant to local practice, counsel's motion has been referred to the undersigned magistrate judge for initial

consideration and a Report and Recommendation ("R&R").

As evidenced by this case, the process for obtaining social security benefits can be a lengthy one.  After his applications were denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ").  He appeared and testified at that hearing, represented by different counsel than appearing here.  On June 16, 2010, after an adverse ALJ decision and denial of further review by the Appeals Council, Plaintiff obtained new counsel in order to seek additional judicial review of the Commissioner's decision in this Court, pursuant to 42 U.S.C. §405(g).

On July 28, 2011, the undersigned determined that the Commissioner's decision was not supported by substantial evidence, and therefore recommended that the decision be reversed and remanded to the Commissioner for further review under sentence four of 42 U.S.C. §405(g).  (Doc. 13).  On August 25, 2011, the presiding district judge adopted that Report and Recommendation ("R&R") as the decision of the Court, and remanded the adverse decision back to the Commissioner.  (Doc. 14).  On August 26, 2011, the case was closed with the entry of the Clerk's Judgment.  (Doc. 15).

Nothing further occurred in this Court until April 8, 2013, when Plaintiff's counsel filed the present motion seeking attorney's fees under 42 U.S.C. §406(b).  As stated, Plaintiff's motion seeks an order awarding the amount of $26,049.73.  Plaintiff explains that the sum represents 25% of the retroactive award of DIB benefits effective from

September 7, 2007 through the date of the Commissioner's 2012 decision.  Plaintiff signed the referenced contingency Attorney Fee Agreement on June 16, 2010, the date that this action was filed.

For the reasons explained herein, I now recommend that Plaintiff's otherwise time-barred motion for attorney fees under §406(b) be GRANTED but only in part, based upon the principle of equitable tolling applied to this case.

**II.  Analysis**

**A.  Attorney Compensation Under the EAJA and the Social Security Act**

Several statutory provisions provide compensation for attorney time spent in federal court pursuing an appeal of an adverse social security decision.  The most commonly used statute is the Equal Access to Justice Act ("EAJA"), which broadly applies outside of the social security context, and which authorizes the Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials.  *See* 28 U.S.C. §2412(d)(1)(A).  The second most commonly used provision is contained in the Social Security Act itself, 42 U.S.C. §406(b).[1]

Any litigant in this Court who obtains a reversal and remand of the Commissioner's decision is a "prevailing party" under the EAJA – even if after remand, the same adverse decision is obtained.  Because payment of an EAJA award under the Social Security Act is not contingent upon any ultimate award of benefits, a motion for

_____

[1]A different provision, 42 U.S.C. §406(a), provides the basis for counsel's fee award based upon

payment of fees under the EAJA is typically made soon after any order of remand.[2]  In the social security context, an EAJA award has no impact upon a claimant's future award of benefits, because the award essentially comes from the claimant's adversary, the Commissioner.  By contrast, §206(b) of the Social Security Act permits the Court to require the successful claimant to pay a portion of his or her award of DIB benefits, up to 25%, to his or her counsel – most often in conformity with a contingent fee agreement such as the one executed in this case.[3]  Obviously, an award under §406(b) directly reduces the amount of the claimant's benefits.

Despite differences between the two statutes in terms of the funding source and impact on any award of benefits, Congress has made clear that an attorney may not obtain a double-recovery for the same work.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989).  In cases where an attorney first receives an EAJA award and then subsequently seeks an award under §406(b), he or she is required to remit to the claimant the smaller of the two awards.  *Id.*  The instant case is somewhat atypical, to the extent that Plaintiff has not previously been compensated under the EAJA for any of the 35.5 hours of work that he expended in this Court in pursuit of his client's award of

---

his work at the administrative level.
[2]The statute requires the motion to be made within 30 days of the date that final judgment is entered by this Court. 28 U.S.C. §2412(d)(1)(b), (d)(2)(G).
[3]Section 406(b) "covers only attorneys whose clients bring successful claims under Title II of the Social Security Act."  *Napier v. Comm'r*, 190 Fed. Appx. 458, 459-60 (6th Cir. 2006)(additional citations omitted); *see also Hale v. Comm'r of Soc. Sec.*, 2011 WL 59209114 (W.D. Mich. Oct. 25, 2011)(holding that statute does not permit recovery based upon award of SSI benefits, for which fees must be sought under 42 U.S.C. §1383(d)(2), adopted at 2011 WL 5920769 (Nov. 28, 2011)); *but see Reynolds v. Comm'r of Soc. Sec.*, 2013 WL 3187976 ___ F.R.D. ___ (W.D. Mich. June 21, 2013)(suggesting in dictum that the

*benefits.*

Given that any award would come from the claimant's and not Defendant's pocket, it is relatively uncommon for the Defendant Commissioner to file any opposition to a §406(b) motion. However, in this case, the Commissioner has filed a short response in opposition to the motion, arguing that based upon the number of hours expended, the award would amount to an unearned "windfall" to counsel. For the reasons discussed below, the record presented supports an award of only part of the fees claimed under §406(b), notwithstanding the lack of timeliness of Plaintiff's motion.

### B. Timeliness of Motion

The issue of the timeliness of Plaintiff's motion has not been raised by the Commissioner,[4] but is necessary to consider as a threshold question of jurisdictional authority. This case had been closed for more than nineteen months when the motion was filed. The issue of when a motion must be filed under §406(b) of the Social Security Act has divided other federal courts, and remains unresolved in the Sixth Circuit. The problem arises because the statute itself contains no explicit time limit, but permits a court that "renders a judgment favorable to a claimant," to "determine and allow *as* part of its judgment a reasonable fee for such representation, not in excess of

---

inclusion of fees for some portion of an SSI award might not be improper).

[4]As other courts have noted, the defendant Commissioner "has no financial incentive to assert a challenge to the timeliness" of a motion for section 406(b) attorney's fees. *See Hale v. Comm'r of Soc. Sec.*, 2011 WL 59209114 at *3. A court in this district declined to consider the timeliness of a Rule 406(b) motion filed four months after counsel received notice of an award of benefits, based in part upon the lack of opposition by the Commissioner, and the fee agreement between the plaintiff and her attorneys. *See McCullers v. Astrue*, 2011 WL 5526366 (S.D. Ohio, Nov. 14, 2011)(Black, J.); *see also Bentley v. Comm'r*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007) (recognizing the lack of financial interest that would prompt the Commissioner to object to an untimely petition for fees, but nevertheless stating that the

25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. §406(b)(1)(A).

Although the Plaintiff ultimately received an award of past-due benefits "by reason of such judgment," the reversal of the Commissioner's decision two years ago did not entitle Plaintiff to an immediate award, but instead required further evaluation by the Commissioner.  The obvious dilemma is how this Court might "allow as part of its judgment" a fee award to Plaintiff's counsel in 2013 - long after judgment was entered and this case was closed?

A district court's judgment directing a remand under sentence four is a "final order" for purposes of calculating filing deadlines, and "terminate[s] the civil action seeking judicial review of the Secretary's final decision," thus providing a "judgment" that provides starting point for any filing deadline.  *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993)(internal quotation marks and citation omitted).  Most courts have determined that the time frame for filing a petition for fees pursuant to §406(b) is governed by Rule 54(d)(2), Fed. R. Civ. P., which requires that any motion for attorney's fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute."  Because judgment was entered on August 26, 2011, that 14-day period would have expired in this case in September 2011, rendering the present motion time-barred.

To avoid this harsh result, a majority of courts addressing the issue have applied

_____

Commissioner's failure to object was "not insignificant.").

6

Rule 54(d)(2) in combination with equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b).  *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Commissioner of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006); *see also Garland v. Astrue*, 492 F. Supp.2d 216, 219 (E.D.N.Y. 2007)(declining to determine whether Rule 54 or Rule 60 applies to Rule 406(b) motions); *see also Marcum v. Astrue*, 2008 WL 4831776, *2 (D.S.C. Oct. 28, 2008)(holding motion untimely under Rule 54).

The need for a judicially crafted rule of equitable tolling is clear.  As explained by the Third Circuit in *Walker*:

> The problem…is that a strict application of Rule 54(d)(2)'s fourteen-day filing deadline is impossible where a court remands …for administration determination of benefits.  By its terms, §406(b) conditions the right to fees on the award of benefits and caps those fees at twenty-five percent of the awarded benefits.  Thus a court cannot determine whether a right to a fee award exists and what the value of that fee award should be until the administrative remand proceeding is complete and the amount of benefits is fixed.  However, a remand under 42 U.S.C. §406(g) would rarely, if ever, be completed within fourteen days of the remand order.  Therefore, a timely Rule 54(d)(2) motion for fees, filed within fourteen days of the remand order, is necessarily premature, and a similar motion filed after the administrative determination of benefits is most likely untimely.

*Id*. at 278 (footnote omitted).  As stated, a growing majority of federal courts have therefore applied equitable tolling to fashion a new deadline for §406(b) motions.

Seeking an alternative to having to equitably adjust Rule 54(d)(2), the Tenth Circuit alone holds that the "reasonable time" limit of Rule 60(b) applies instead to determine whether a §406(b) motion is timely.  *See McGraw v. Barnhart*, 450 F.3d 493,

505 (10th Cir. 2006).  But Rule 60 presents its own procedural difficulties.  The *Walker* court describes Rule 60 as "an inappropriate vehicle for fee petitions," drawing the analogy to the similar purposes of Rule 59 and the Supreme Court's proscription against using that rule for fee petitions.  *Id.* at 279, citing *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 455, 451 (1982).  Indeed, "[t]here is significant legal authority suggesting that the Sixth Circuit would decline to adopt the Tenth Circuit's indefinite "reasonable" time approach, because it abandons any attempt at principled application of the specific attorney's fee provision found in Rule 54(d)(2)(B)."  *Hale*, 2011 WL 59209114 at *4 (discussing cases).

The undersigned agrees that Rule 60 is inapposite, and a motion under §406(b) can only be made through Rule 54(d)(2), notwithstanding the need to apply equitable tolling in most if not all such cases.  *Walker* applies a sensible rule, holding that "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award."  *Id.* at 280.  Using that tolling provision, attorneys have "fourteen days from notification of the notice of award to file a fee petition in the district court."  *Id.*  In the absence of a binding local rule[5] or persuasive precedent to the contrary, the undersigned finds the motion to be timely – though barely, and only because of the limited case authority and lack of binding

---

[5]Rule 54(d)(2)(D) permits courts to establish alternate procedures by local rule.  In fact, the United States District Courts for the Eastern District and Western District of Kentucky have promulgated a local rule that clarifies that the time limit for filing an attorney's fee petition under §406 is "thirty (30) days" after "a final favorable decision for plaintiff."  *See Robertson v. Astrue*, 2011 WL 4737603 (W.D. Ky. Oct. 6, 2011)(discussing interpretation of LR 83.11 but applying equitable tolling to facts presented).  The Eastern District of Michigan has promulgated a similar local rule.  *See Young v. Astrue*, 2012 WL

published case law on the subject in the Sixth Circuit at the time Plaintiff filed his motion. *Accord Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(declining to adopt a rule in all future cases given lack of Sixth Circuit precedent, but applying equitable tolling and Rule 54(d)(2) on facts presented).

In a recent similar case, this Court held that equitable tolling under Rule 54(d)(2) should apply where counsel received notice of the past due benefits award on March 4, 2012, and promptly filed his Rule 406(b) motion just two days later, on March 6, 2012. *Proctor v. Commissioner of Soc. Sec.*, Case No. 09-cv-127, 2013 WL 308730 (Jan. 25, 2013)(R&R adopted on Feb. 19, 2013 at 2013 WL 607968 by Beckwith, J.).  In that case, counsel's prompt filing of his petition for fees was well within fourteen days of the date of the fee award.  Thus, the undersigned reasoned:

> Using the notice date of the fee award as the starting point for the basis of equitable tolling under Rule 54(d)(2), rather than this Court's judgment date …. the motion would be considered timely under the Third, Fifth, and Eleventh Circuit's approach and arguably, even under the Tenth Circuit's "reasonable" approach.  Applying Rule 54(d)(2) and equitable tolling, the undersigned finds the instant §406(b) motion to be timely filed.

*Id.*, at *4.

In this case, the "Notice of Decision – Fully Favorable" is dated August 17, 2012. The decision was mailed on that date to Plaintiff, to his prior counsel, and to the attorney who began representation in this Court on June 16, 2010.  (Doc. 16-1 at 2-5). Plaintiff's current attorney has also filed as an exhibit to his motion the ALJ's August 17, 2012 Order denying approval of his June 16, 2010 Attorney Fee Agreement on grounds

---

3816519 (E.D. Mich., June 27, 2012)(discussing E.D. Mich. LR 54.2(a), and applying equitable tolling).

that the prior attorney was still listed of record, and had not waived his right to collect a fee. (Doc. 16-1 at 6-7). The ALJ's Order explains that Plaintiff or his attorney may request a re-determination concerning the fee agreement within 15 days. Plaintiff has submitted a copy of the prior attorney's waiver of fees dated August 29, 2012, twelve days after the ALJ's Order, but Plaintiff's current attorney explains that he did not submit that waiver to the ALJ "because the ALJ indicated that he would not accept it after the hearing." (Doc. 16 at 2; Doc. 16-1 at 8). Last, despite the Notice of a favorable decision dated August 2012, the precise amount of the award was not calculated for an additional two months. The formal Notice of Award is dated October 29, 2012. (Doc. 16-1 at 11).

Having determined that a judicially crafted tolling rule under Rule 54(d)(2) is generally appropriate to apply to §406(b) motions, this Court must consider whether tolling should apply on the facts presented. Unlike in *Proctor* where counsel filed his §406(b) motion just two days after receiving notice of the favorable decision, in this case Plaintiff's counsel waited more than 5 months after receipt of the Notice of Award, until April 8, 2013, to file his motion in this Court. Under the *Walker* rule and *Proctor*, Plaintiff's motion would not be timely even under Rule 54(d)(2).

On the other hand, the Court recognizes that *Proctor* was unpublished. Although a second decision was published just last month, at the time Plaintiff filed his motion, the non-binding *Bentley* was the only published case law within the Sixth Circuit concerning this issue and even that case expressly declined to adopt a rule for future

application.  In a very recent second published case from the Western District of Michigan, *Reynolds v. Com'r of Soc. Sec.*, ___ F.R.D. ___ (W.D. Mich., June 21, 2013), the district court rejected a magistrate judge's Report and Recommendation that the plaintiff's §406(b) motion, which had been filed 64 days after receipt of the Notice of Award, was untimely.  Using a variety of equitable principles, the court there held that Plaintiff was entitled to equitable tolling to prevent the motion from being untimely.

*Reynolds* first discussed the solutions formulated by the Third, Fifth, Seventh, Tenth, and Eleventh Circuits, before discussing *Bentley* and the principles to be applied to the case before it.  "Since *Bentley*, the rule in the Sixth Circuit has not become any clearer, and the number of different approaches taken by other jurisdictions has only expanded.  …While *Bentley* itself arguably provided some clarity in this circuit, that case is not binding on the other courts in this district and so cannot provide true certainty here."  *Id.* at *4.  As stated in *Reynolds*, courts in the Sixth Circuit consider five factors to determine whether a deadline should be equitably tolled:

(1)     the petitioner's lack of notice of the filing requirement;

(2)     the petitioner's lack of constructive knowledge of the filing requirement;

(3)     diligence in pursuing one's rights;

(4)     absence of prejudice to the respondent; and

(5)     the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, citing *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005)(additional citation

11

omitted).    Applying  these  factors,  the  *Reynolds*  court  reasoned  that  counsel  was

"reasonably diligent in filing his motion approximately two months after the notice of

award issued," and that no party was prejudiced by the delay, or had objected to the

motion.   "Indeed the affected party, Mr. Reynolds, has expressly consented to his

attorney's fee request," which the court noted had been significantly and voluntarily

reduced to an amount representing 17% of the past-due benefits rather than the 25%

provided for by the fee agreement.  *Id.*

The delay by counsel in this case between the Notice of the award and the filing

of the §406(b) motion was substantially longer than in *Reynolds*, in excess of five

months.   Thus, the factor of "diligence in pursuing one's rights" presents a much closer

question.  Yet, similar to *Reynolds*, the Plaintiff himself has filed an affidavit explicitly

consenting to the payment of the full 25% fee in accordance with the contingency fee

Agreement.    While a more nominal factor, the Commissioner also has filed no

opposition based on the issue of timeliness.  Considering all relevant factors, including

the lack of published binding authority and the relative inconsistency of unpublished

authority,[6] as well as the inherent inequity in failing to award any fee to an attorney who

has successfully expended time in this Court to the substantial benefit of his client, the

---

[6]Given the issue is rarely if ever presented by either party, it is not surprising that the issue of timeliness frequently evades judicial review.  *See e.g., Lowery v. Comm'r of Soc. Sec.,*2013 WL 837317, ___ F. Supp.2d ___, (S.D. Ohio March 6, 2013)(Rice, J., approving unopposed motion for fees under §406(b) without comment on timeliness issue); *Childers v. Astrue*, Case No. 1:09-cv-173, 2012 WL 4757828 (S.D. Ohio, Oct. 4, 2012)(undersigned's R&R recommending approval of unopposed motion);.*Edwards v. Comm'r of Soc. Sec.*, Case No. 1:08-cv-815, 2011 WL 1002186 (S.D. Ohio March 16, 2011)(Dlott, J., same); *contrast Wallace v. Com'r of Soc. Sec.*, Case No. 1:09-cv-382-SSB (R&R filed this same date, addressing issue).

undersigned will recommend that equitable tolling be applied to consider the §406(b) motion as if timely filed.

### C. Merits of Motion

Even when a motion is not opposed, the burden remains upon the attorney claiming the award to demonstrate his entitlement to the fee and the reasonableness of the fee award he or she seeks. *Gisbrecht v. Barnhart*, 535 U.S. at 807. At the same time, an award of fees out of past-due benefits under §406(b) is discretionary, and will not be reversed absent an abuse of discretion. *See Damron v. Com'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir.1997) ("This court will reverse a fee award decision upon finding an abuse of discretion."); *c.f.*, *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006).

Plaintiff's motion is supported by a short memorandum citing applicable legal authority. Plaintiff has also attached the following exhibits to support his motion: the August 2012 Notice of Decision, the ALJ's order denying approval of the attorney fee agreement, the subsequent waiver of fees executed by prior counsel, a time record that details 35 hours and 30 minutes of work performed in this Court, the October 29, 2012 Notice of Award, a copy of Plaintiff's contingency fee agreement, and Mr. Lasley's affidavit in support of his attorney's request for 25% of Plaintiff's past-due benefits.

The Commissioner has filed a response in opposition, arguing that the amount of fees requested would constitute a "windfall" to counsel. As the Commissioner points out, the Sixth Circuit has emphasized that the twenty-five percent statutory cap on past due benefits is not to be "viewed as per se reasonable," but instead should be "a

13

starting point for the court's analysis." *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). To the extent that hourly rate is properly considered as one relevant factor in determining the reasonableness of a fee award under a contingency fee agreement, the division of the number of hours expended by counsel into the total award sought in this case would amount to an hourly rate of $733.80.

The Commissioner cites *Jones v. Astrue*, Case No. 09-cv-80, wherein another magistrate judge recommended the reduction of an effective hourly rate under a contingency agreement, from $750.00 to $360.00. *Id.*, 2012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012), adopted at 2012 WL 3763909 (S.D. Ohio, Aug. 29, 2012)(Rice, J.)[7] The Commissioner urges this Court to make a similar reduction, and to award Plaintiff's counsel not more than $12,780.00, which would represent an hourly rate of $360.00, or approximately twice a "standard" rate for similar cases. *See also Thatch v. Com'r of Soc. Sec.*, Case No. 09-cv-454, 2012 WL 2885432, at *6 (N.D. Ohio July 13, 2012)(finding it "perverse that an ultimately successful disabled claimant should be further punished by the delays of the administrative process.").

In reply, Plaintiff notes that current counsel undertook representation of Plaintiff in this Court in 2010 only after Plaintiff had exhausted all appeals of the Commissioner's denial of benefits at the administrative level. However, in relation to the length of the overall case, counsel's having represented Plaintiff in this Court for the relatively brief

---

[7]The Commissioner also cites *Pencil v. Astrue*, Case No. 1:10-cv-377, wherein Magistrate Judge Merz made a similar recommendation, but the presiding district judge in that case declined that recommendation, finding evidence in the record to support the higher claimed rate. *See id.*, 2012 WL 4364273 (S.D. Ohio, Sept. 24, 2012).

14

period from June of 2010 until this case was closed in August of 2011 undercuts, rather than supports, his claim for an unusually large fee. Counsel also refers to his continued representation of Plaintiff after remand from this Court, but §406(b) provides compensation *only* for services rendered in this Court. *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261 (6th Cir. 1994)(en banc). Other provisions of the Social Security Act, most notably 42 U.S.C. §406(a), provide for attorney compensation for work performed at the administrative level.

Having the entirety of the record presented, the undersigned recommends that the amount of the requested fee award be reduced. As another court in this district reiterated in a recently published opinion, an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Com'r of Soc. Sec.*, Case No. 3:10-cv-427, ___F.Supp.2d ___, 2013 WL 837317 at *2 (S.D. Ohio March 6, 2013)(*citing Gisbrecht*, 535 U.S. at 807). The policy reasons for this affirmative finding are clear; by definition, litigants who have been determined to be entitled to Title II disability benefits may be especially vulnerable to the imposition of exorbitant fees, particularly given the near certainty that years will have elapsed between their initial applications, remand by this Court, and the ultimate award of benefits. In *Lowery*, the Court approved an attorney's unopposed request for fees under a contingency agreement, but only after noting that the request was both well-supported based upon the facts of that case, and represented counsel's significant

15

reduction from the 25% provided for by the contingent fee agreement, down to just 14.5% of the past-due benefits award.  The Court further noted that if calculated at an hourly rate, the award would amount to $406.45 per hour, but held that rate did not amount to a windfall despite – at least hypothetically – being above the "*per se* reasonable*"* rate for social security cases.   *See id.* at *2 and n.4 (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990) for proposition that "[a] hypothetical hourly rate that is less than twice the standard rate is per se reasonable…."); *accord Reynolds*, *supra* at *4 (noting counsel's "request of approximately 17% of his client's past-due benefits award [represents] a significant discount from his agreed-upon contingency fee).

It is true that a hypothetical hourly rate that is more than twice the standard rate will not automatically be held to constitute an unreasonable "windfall," because to do so would be to place a stricter cap on a contingency agreement than is statutorily required. However, the Sixth Circuit has explained that when the contingency fee agreement results in a calculated hourly rate that exceeds "twice the standard rate for such work in the relevant market," then the court should consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." *Hayes*, 923 F.2d at 422; *see also Edwards v. Com'r of Soc. Sec.*, Case No. 1:08-cv-815, 2011 WL 1002186 (S.D. Ohio March 16, 2011)(Dlott, J., approving calculated hourly rate of $312.26 as "less than twice the $165 hourly rate approved by this Court in the award of fees under the EAJA.").  On the record presented, counsel's delay in filing the §406(b) motion plays a

role in the recommended exercise of discretion to reduce the claimed fee award, but so do multiple additional factors, including the extremely high claimed hourly rate, the opposition of the Commissioner (ordinarily a disinterested party to §406(b) motions), the lack of any offer to negotiate or reduce the fee to the benefit of the Plaintiff in order to reduce the likelihood of a windfall to counsel, the relative brevity of representation in this Court, and the relative simplicity of the claim presented to this Court.   *Contrast Childers v. Astrue,* Case No. 1:09-cv-173, 2012 WL 4757828 (S.D. Ohio, Oct. 4, 2012)(approving unopposed contingency fee award that had been voluntarily reduced by counsel from 25% to just over 10% of benefit award, despite calculated hourly rate of $634), adopted at 2012 WL 5342413 (S.D. Ohio Oct. 29, 2012)(Barrett, J.).

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

Plaintiff's motion for approval of attorney's fees under 42 U.S.C. §406(b) (Doc. 16) be **GRANTED** only in part, with Plaintiff's claimed fee to be reduced to not more than the sum of $12,780.00, representing a contingency fee that reflects a calculated hourly fee of $360.00 per hour.  This Report and Recommendation also should serve as notice to counsel that any future motion filed under §406(b) should be more timely filed, and better supported, to the extent that a claim is made for fees so far in excess of the "per se reasonable" contingency rate for such cases.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PATRICK S. LASLEY,                                            Case No. 1:10-cv-394

      Plaintiff,                                              Dlott, J.
                                                             Bowman, M.J.
      v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

<strong>NOTICE</strong>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).